```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

DANIEL D. FISHER, SR.,

      Plaintiff,

  v.                              Civil No. 19-273 (NLH/KMW)

STEVEN PRATT, individually,    OPINION
and as Captain of Southampton
Volunteer Fire Department,
and as Investigator of New
Jersey State Fire Marshal
Office, Southampton Township
Fire Department,

      Defendant.

**APPEARANCES:**

DANIEL D. FISHER
P.O. BOX 83
PEMBERTON, NJ 08068

    *Appearing pro se.*

**HILLMAN, District Judge**

    This case concerns civil rights violations alleged to have occurred due to the demolition of Plaintiff Daniel D. Fisher, Sr.'s home. As Plaintiff Fisher has been granted the right to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"), this matter is before the Court <u>sua</u> <u>sponte</u> for screening consistent with 28 U.S.C. § 1915. For the reasons stated herein, this Court will dismiss 42 U.S.C. §§ 1985 and 1986 claims, but allow the remaining claims to proceed past screening.

**BACKGROUND**

The Court takes its facts from Plaintiff's Complaint. Before explaining the factual basis for this action, it is important to briefly explain some procedural history. An action alleging similar claims arising from the same set of facts was first filed in this Court on December 15, 2017 under a separate docket (1:17-cv-13248 (NLH/KMW)). Plaintiff amended that complaint on December 28, 2017 (the "FAC") and appeared to assert causes of action under 42 U.S.C. §§ 1983 and 1985 – for damages only. Thereafter, Plaintiff served the Defendants in the original action: Steven Pratt, the Southampton Township Fire Department (collectively, the "Fire Department Defendants"), and the New Jersey State Fire Marshal's Office (the "State Defendant").

On January 29, 2018, the Fire Department Defendants filed a Motion to Dismiss or, in the alterative, for a more definite statement. On February 14, 2018, the State Defendant filed a Motion to Dismiss. On February 20, 2018, Plaintiff filed a Second Amended Complaint. The Court issued a March 14, 2018 Order requiring Plaintiff to file a formal motion with the Court asking for leave to file the February 20, 2018 Second Amended Complaint. Plaintiff thereafter filed a Motion for Leave to Amend on March 27, 2018.

On August 24, 2018, this Court entered an Opinion and Order which:

- Granted the State Defendant's Motion to Dismiss and dismissed it from the case;

- Granted the Fire Department Defendants' Motion to Dismiss the § 1985 claim, without prejudice;

- Granted Southampton Township Fire Department's Motion to Dismiss the § 1983 claim, without prejudice;

- Denied Pratt's Motion to Dismiss the § 1983 claim, without prejudice;

- Denied Plaintiff's Motion for Leave to File a Second Amended Complaint; and

- Granted leave for Plaintiff to file an amended complaint that attempts to cure the deficiencies noted in the Court's Opinion.

Instead of filing an amended complaint, Plaintiff voluntarily withdrew his FAC and the Clerk closed the case. Thereafter, Plaintiff filed a Motion for Reconsideration which was denied for lack of jurisdiction because the case was voluntarily closed by Plaintiff. The Court instructed Plaintiff to file an amended complaint in a new action if he wished to continue to pursue his claims. This is that action.

Since Plaintiff's new complaint relies on much the same factual material as his previous complaint, this Court will not repeat it at length. This Court notes at the outset that there is only one Defendant in this action, Steven Pratt, who has only

3

been sued in his individual capacity.  This case stems from a fire started in Plaintiff's home around 12:35 AM on December 16, 2016.  After trying to extinguish the fire himself and finding his efforts unsuccessful, Plaintiff dialed 9-1-1 and reported his fire emergency.  A fire truck from the Pemberton Borough Fire Department arrived, followed by the Southampton Township Fire Department and others.

Around 2:00 AM, Plaintiff was taken to Virtua Hospital Emergency Room to be treated for smoke inhalation.  Plaintiff returned to his home later that morning, where firefighters were still present.  Plaintiff was told by "Steven Pratt, the Captain (Chief) of Southampton Township's Fire Department" that his home must be demolished that day.  Pratt informed Plaintiff "that both the County and New Jersey State Fire Marshals" visited the property and "recommended that the house needed to be torn down."  While Plaintiff asked to speak to them, Pratt refused to call them or give Plaintiff their contact information.  Plaintiff also told Pratt he wanted a structural engineer to examine his house.  Pratt told Plaintiff his house was a danger to children and again insisted that it must be torn down.

After removing some items from his house, Plaintiff pleads he had a second conversation with Pratt and Pratt again refused to delay demolition of the house.  The house was demolished shortly thereafter.  During that time, it is alleged that Robert

4

Carr, Jr., Burlington County's Fire Marshal and "8-10" members of the Southampton Township Fire Department "made no effort to assist [Plaintiff] by standing up to Pratt, nor did any of them make an effort to call the N.J. Fire Marshall's [sic] office when they heard [Plaintiff] argue with Pratt."

Plaintiff alleges three claims against Steven Pratt: (1) violation of 42 U.S.C. § 1983, (2) violation of 42 U.S.C. § 1985, and (3) violation of 42 U.S.C. § 1986. Plaintiff also requests declaratory relief – in addition to the damages sought under the above-enumerated claims – under 28 U.S.C. §§ 2201 and 2202. Finally, Plaintiff cites a provision of New Jersey's Constitution. Screening is appropriate under 28 U.S.C. § 1915 at this stage in the proceedings.

## ANALYSIS

### A. Subject Matter Jurisdiction

The Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### B. 28 U.S.C. § 1915 Standard

Although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications. See Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to

5

prisoners."). Once IFP status has been granted, a court must follow the screening provisions of the IFP statute. The screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Sec., No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.").

As indicated, this Court must follow the Rule 12(b)(6) standard in considering a pro se complaint. Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant. Estelle v. Gamble, 429 U.S. 97, 107 (1976). But, pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who

6

proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

When screening a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss

should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

### C. Screening of Plaintiff's Complaint

This Court will examine the claims under 42 U.S.C. §§ 1985 and 1986 and under the New Jersey State Constitution. This Court will not examine Plaintiff's 42 U.S.C. § 1983 claim against Defendant Pratt, as that was already judged to be sufficiently stated against Defendant Pratt in the previous action. Accordingly, this Court will examine each of the claims noted supra, in turn.[1]

As stated in this Court's previous Opinion in the 17-cv-13248 action, "[s]ection 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Farber v. City of

---

[1] This Court will not examine Plaintiff's request for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 at this time. The scope of any remedies is a function of what claims are ultimately successful on the merits. The Court does not construe 28 U.S.C. § 1915 to require it to determine at the screening stage what remedies Plaintiff may seek, but rather to determine the scope of any claims that may be allowed to proceed.

9

Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)).

> [T]he Supreme Court has made clear what a plaintiff must allege to state a claim under § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."

Id. (quoting United Bd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

This Court finds Plaintiff has still failed to state sufficient facts to support a § 1985 claim. This Court previously found that the facts alleged did not support a § 1985 claim. The additional allegations provided do not establish the requisite elements for a § 1985 claim. The additional allegations provided include:

- The allegation that Fire Marshal Carr, at some point, issued a report recommending Plaintiff's house be demolished; and

- The allegation that between eight and ten unnamed members of the Southampton Township Fire Department (1) did not help Plaintiff "stand[] up" to Pratt and (2) did not call the "N.J. Fire Marshall's [sic] office" after they heard Plaintiff speaking with Pratt.

These facts still fail to make out a plausible claim of conspiracy even accounting for Plaintiff's pro se status. For example, while the Court may be able to infer that the outcome

10

of the alleged conspiracy was to wrongfully demolish Plaintiff's home, Plaintiff has failed to adequately allege facts describing even the basic contours of the conspiratorial agreement, who was involved in the conspiracy, when it was entered into, and what actions were taken in furtherance thereof.[2]  Accordingly, this Court will dismiss the § 1985 claim again, without prejudice, for failure to sufficiently plead the requisite elements.  If through discovery, Plaintiff is ultimately able to plead facts setting out a plausible claim of conspiracy he may seek leave to amend his complaint at that time.

"A § 1986 claim requires an underlying violation of § 1985.  Thus, 'if the claimant does not set forth a cause of action under the latter, [his] claim under the former must also fail.'" Whitehead v. Wetzel, 720 F. App'x 657, 662 (3d Cir. 2017) (quoting Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980)).  Accordingly, because the § 1985 claim does not withstand this screening, neither does the § 1986 claim.

Finally, this Court addresses Plaintiff's invocation of the "jurisdiction of New Jersey State Constitution, Article 1§1 against Steven Pratt."  Article I, Section 1 of the New Jersey State Constitution states:

---

[2] The Court notes that Plaintiff alleges individuals were present at his home leading up to its demolition, but alleges no facts concerning conversations between these individuals and Defendant Pratt about the conspiracy.

> All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.

Although it is unclear whether Plaintiff actually attempts to allege any claims based on this provision in the state constitution, this Court assumes so out of an abundance of caution and in recognition of its obligation to liberally construe a pro se plaintiff's complaint.

To the extent Plaintiff attempts to enforce any state constitutional right under 42 U.S.C. § 1983, that portion of the claim cannot move forward. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 186 (3d Cir. 2009) (holding that § 1983 "only provides remedies for a deprivation of a person's 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" (quoting 42 U.S.C. § 1983; citing Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)).

This is not, however, the only plausible interpretation of Plaintiff's complaint. The Court construes this citation as Plaintiff's attempt to assert a claim under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-2(c). Because the New Jersey Civil Rights Act was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under either the United States or New Jersey Constitutions, the NJCRA is interpreted analogously to § 1983.

See <u>Norman v. Haddon Twp.</u>, No. 14-cv-06034 (NLH/JS), 2017 U.S. Dist. LEXIS 100707, at *11 n.5 (D.N.J. June 29, 2017).  This Court has allowed Plaintiff's § 1983 claim to proceed.  For the same reasons, this Court will allow the analogous NJCRA claim to proceed.

## **CONCLUSION**

For the reasons expressed herein, this Court will dismiss, without prejudice, Plaintiff's 42 U.S.C. §§ 1985 and 1986 claims and allow the other claims to proceed.

An appropriate Order will be entered.

Date: February 11, 2019         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.