```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

DANIEL D. FISHER, SR.,

        Plaintiff,      No. 1:19-cv-00273 (NLH)(KMW)

    v.

STEVEN PRATT, individually,    **OPINION**
and as Captain of Southampton
Volunteer Fire Department,
and as Investigator of New
Jersey State Fire Marshal
Office; and SOUTHAMPTON TWP.
FIRE DEPT.,

        Defendants.

**APPEARANCES:**

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, New Jersey 08068

    *Plaintiff appearing Pro Se.*

BENJAMIN HENRY ZIEMAN
BETSY G. RAMOS
CAPEHART & SCATCHARD P.A.
8000 MIDLANTIC DRIVE, SUITE 300S
P.O. BOX 5016
MT. LAUREL, NEW JERSEY 08054

    *Attorneys for Defendants.*

**HILLMAN**, **District Judge**

    This action follows the demolition of Daniel D. Fisher, Sr.'s ("Plaintiff") home after a fire resulted in a partial collapse.  Plaintiff alleged that in demolishing his home,

Southampton Township Fire Department and Steven Pratt (collectively, "Defendants") violated Plaintiff's civil and constitutional rights.

The Court assumes the parties' familiarity with the relevant facts and the larger procedural history of this case, which it has described in its previous opinions, and will not repeat them at length here.  Relevant to the issues at hand, Defendants had moved for summary judgment of Plaintiff's claims (ECF No. 16), which Plaintiff opposed.  (ECF No. 18).  Finding that Defendants had acted pursuant to the authority granted by the state of New Jersey to fire chiefs to ensure public safety and that Plaintiff had failed to demonstrate any issues of material fact, the Court granted the motion and dismissed Plaintiff's claims.  (ECF No. 23).

This matter now comes back before the Court on Plaintiff's motion for recusal (ECF No. 32), and motion for reconsideration of the Court's summary judgment ruling and leave to amend the complaint.  (ECF No. 27).  For the reasons that follow, Plaintiff's motions will be denied.

I. **Motion for Recusal**

Plaintiff has filed a motion seeking the Court's recusal. Recusal is within the sound discretion of the trial court judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two principal statutes addressing recusal of a federal

judge, 28 U.S.C. §§ 455 and 144, both of which are cited by Plaintiff as the bases for his motion.

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Third Circuit has held that "[t]he test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 F. App'x 189, 193 (3d Cir. 2007) (quoting In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004)).

Similarly, under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Ali v. United States, 2015 WL 6502108, at *1 (D.N.J. 2015) (citing Frolow v. Wilson Sporting Goods Co., 2011 WL 1337513, at *2 (D.N.J. 2011) (citation omitted); Kilkeary v. United States, 2015 WL 3798061, at *4 (D.N.J. 2015)).

However, as the United States Supreme Court has stated, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555, 114

S.Ct. 1147 (citing United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)); see also D'Amario v. Bailey, 182 F. App'x 102, 103 (3d Cir. 2006) ("Adverse legal rulings are not proof of prejudice or bias and, almost never, a basis for recusal under ... 455(b)(1)."). Instead, a litigant's disagreements or complaints about an opinion or order "are proper grounds for appeal, not for recusal." Id.

While Plaintiff's reasons for demanding recusal are not overly clear, the Court interprets Plaintiff to be arguing that the Court has demonstrated the need for recusal because: (1) the Court "would never relax the rules" regarding proper pleading under Fed. R. Civ. P. 8(a) and 10(b), which Plaintiff concedes he "was not compliant with;" (2) the Court failed to simply believe his evidence and disregard that of Defendants; (3) it was unfair of the Court to grant Defendants an extension for their reply brief in support of their motion for summary judgment; (4) seven days was insufficient time for Plaintiff to reply to Defendants' reply brief in support of its motion for summary judgment; (5) the Court improperly applied Younger abstention, and (6) the Court should not have granted a motion to dismiss until after discovery was completed.

The Court will briefly address these arguments.  First, a party's desire to not be held to the relevant rules and

standards regarding pleading and assessing evidence is plainly not a reason for recusal; nor is a court's decision to grant an extension of time to file a brief in the middle of a pandemic. Similarly, Plaintiff not only did not request an extension of time to file a sur-reply, he did not have a right or the Court's leave to file such a brief.  Finally, Plaintiff's arguments regarding Younger abstention and motions to dismiss are simply inapplicable here: the Court did not apply or reference Younger abstention in its opinion, and this latest action was dismissed at the summary judgment stage.

Plaintiff's motion demonstrates that he simply disagrees with the Court's ruling, or disagrees with the relevant rules and standards of civil litigation.  This is plainly insufficient to demonstrate a need for the Court's recusal.  "[W]here, as here, a litigant is simply dissatisfied with the District Court's legal rulings," "neither [§ 144 nor § 455] "provides a basis for recusal."  Hairston v. Miller, 646 F. App'x 184, 188 (3d Cir. 2016) (citing Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); Petrossian v. Cole, 613 F. App'x 109, 112 (3d Cir. 2015) ("Neither of these statutes provide a basis for recusal where a litigant is simply

displeased . . . with a prior adverse ruling."). Accordingly, Plaintiff's motion for recusal will be denied.

## II. Motion for Reconsideration

Plaintiff has also filed a document styled as a motion for reconsideration of the Court's decision to grant Defendants' motion for summary judgment. While Plaintiff does not reference it, Local Rule 7.1 permits a party to submit a motion for reconsideration, which must be accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." The Court will analyze Plaintiff's filing as a motion for reconsideration under Local Rule 7.1.

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the

"'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff's motion again makes clear that he simply disagrees with the Court's ruling.  The vast majority of Plaintiff's two supporting briefs are devoted to his continuing attempt to dispute Defendant's original statement of undisputed material facts, and include new versions of the counter statement of material facts he already filed with his brief opposing summary judgment.  Plaintiff again fails to include any citations to relevant evidence, with the exception of a new sworn affidavit that does not discuss any of the pertinent factual disputes at the center of the Court's opinion granting summary judgment.  Instead, these paragraphs simply rehash the exact arguments Plaintiff previously raised regarding the factual record, and provide no new evidence to support Plaintiff's claims.

The only arguments Plaintiff makes that can be interpreted as raising a potential error of law are the existence of a provision of New Jersey's administrative code that he had not

previously cited, which he refers to as "newly discovered evidence," and his claim that the Court improperly based its "Opinion on reports and statements made by defendants who deprived me of Due Process of Law." (ECF No. 34). Plaintiff's first argument fails, as the provision he references, N.J.A.C. ¶ 7:50-4.1(a)(9), is inapposite. That provision simply provides that demolition of any structure less than 50 years old will not be considered "development" under New Jersey's "Pinelands Comprehensive Management Plan." Plaintiff does not explain how this would render any aspect of the Court's Opinion erroneous, or how it contradicts or overrides the statutory authority granted to New Jersey's fire chiefs to ensure safe conditions are restored. See N.J. Stat. § 40A:14-54.1.

Second, as the Court noted in its opinion granting summary judgment, (ECF No. 23 at 2 n.1), Plaintiff failed to properly dispute Defendant's statements of fact and evidence. The Court's decision to grant summary judgment based in part on relevant reports and statements properly before it in the evidentiary record is not legal error; Plaintiff cannot move for reconsideration simply because he failed to properly and effectively dispute the central facts when he had the chance. Plaintiff has accordingly failed to raise any newly discovered evidence, changes in controlling law, clear errors, or manifest

injustice that would demonstrate a need for reconsideration of the Court's ruling, and his motion will be denied.

Finally, Plaintiff's motion for reconsideration also references his desire to amend his complaint. To the extent the Court construes the motion as a motion for leave to file an amended complaint, it will also be denied. Plaintiff is requesting leave to file a third amended complaint — a request this Court has already denied previously, when it granted the motion for summary judgment. (ECF No. 23 at 28). Plaintiff has filed three prior complaints based upon the claims at issue here. It is unfortunate that Plaintiff lost his home but he has proffered no evidence or sound legal theory to question the Defendant's proper authority to take the steps they deemed necessary in the public interest. Plaintiff will not be given a fourth attempt.

## Conclusion

For the reasons expressed above, both of Plaintiff's motions will be denied.

An appropriate Order will be entered.

Date: October 6, 2020         /s Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.